Salgado-Medrano v. Garland

BIA
Zagzoug, IJ
A208 191 994

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of October, two thousand twenty-three.

PRESENT:
PIERRE N. LEVAL,
RAYMOND J. LOHIER, JR.,
STEVEN J. MENASHI,
    *Circuit Judges.*

_____

ERICKA LISSETH SALGADO-MEDRANO,
    *Petitioner*,

    v.               **20-3997**

                           **NAC**

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
    *Respondent.*

_____

**FOR PETITIONER:**          Michael W. Pottetti, Port Jefferson, NY.

**FOR RESPONDENT:**          Brian Boynton, Acting Assistant Attorney General; Anthony P. Nicastro, Assistant Director; Patricia E. Bruckner, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ericka Lisseth Salgado-Medrano, a native and citizen of El Salvador, seeks review of a November 19, 2020 decision of the BIA affirming an October 26, 2018 decision of an Immigration Judge ("IJ"), which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ericka Lisseth Salgado-Medrano*, No. A 208 191 994 (B.I.A. Nov. 19, 2020), *aff'g* No. A 208 191 994 (Immig. Ct. N.Y. City Oct. 26, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). Because Salgado-Medrano did not raise her CAT claim before the BIA and does not argue it in her brief here, we

2

consider only her claims for asylum and withholding of removal. *See* 8 U.S.C. § 1252(d)(1) ("A court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right."); *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1 (2d Cir. 2005) (deeming abandoned issues not addressed in brief). We review factual findings for substantial evidence and questions of law and application of law to fact de novo. *See Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

An applicant for asylum and withholding of removal has the burden of establishing either past persecution or a well-founded fear (asylum) or likelihood (withholding of removal) of future persecution and that "race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i); *see also id.* § 1231(b)(3); 8 C.F.R. §§ 1208.13(b), 1208.16(b); *Quituizaca v. Garland*, 52 F.4th 103, 114 (2d Cir. 2022) (holding that the "one central reason" standard applies to both asylum and withholding of removal claims). Under 8 U.S.C. § 1158(b)(1)(B)(ii), "[t]he testimony of the applicant may be sufficient to sustain the applicant's burden without corroboration, but only if the applicant satisfies the trier of fact that the applicant's testimony is credible, is

persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee."  The same provision further provides that "[i]n determining" whether the applicant's burden has been met, "the trier of fact may weigh the credible testimony along with other evidence of record.  Where the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence." 8 U.S.C. § 1158(b)(1)(B)(ii).

Thus, "[a]n IJ may deny a claim for relief based on the applicant's failure to provide reasonably obtainable corroborating evidence."  *Pinel-Gomez v. Garland*, 52 F.4th 523, 529 (2d Cir. 2022).  To do so, "the IJ must (1) point to specific pieces of missing evidence and show that it was reasonably available, (2) give the applicant an opportunity to explain the omission, and (3) assess any explanation given."  *Id.* (quotation marks omitted).  "[A]n IJ's determination about whether an applicant can 'reasonably obtain' corroborating evidence is a finding of fact." *Id.* at 532.  "No court shall reverse a determination made by a trier of fact with respect to the availability of corroborating evidence . . . unless the court finds . . .

that a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable." 8 U.S.C. § 1252(b)(4).

Salgado-Medrano alleged that she was extorted by MS-13 for a portion of her salary as a teacher and that she feared being killed because MS-13 had murdered two of her female cousins. The agency did not err in concluding that Salgado-Medrano failed to meet her burden of proof. Nor did the IJ err in requiring corroboration in light of apparent omissions and inconsistencies in Salgado-Medrano's testimony: the employment section of her application listed her as unemployed during the relevant period, and neither her application, written statement, nor her parents' letters mentioned her cousins' murders. *See Hong Fei Gao v. Sessions*, 891 F.3d 67, 78–79 (2d Cir. 2018) ("In the immigration context, in assessing the probative value of the omission of certain facts, an IJ should consider whether those facts are ones that a credible petitioner would reasonably have been expected to disclose under the relevant circumstances."). In addition, the IJ identified reasonably available evidence that Salgado-Medrano failed to present—her parents' letter could have mentioned the murders, Salgado-Medrano testified that her aunt and uncle had death certificates for her cousins, and she alleged that there were newspaper accounts of the murders.

The record does not compel the conclusion that these documents were unavailable. *See* 8 U.S.C. § 1252(b)(4). Although Salgado-Medrano stated that her relatives would be at risk if they tried to obtain the certificates, Salgado-Medrano did not establish that she could not have obtained copies because she testified that her aunt and uncle had the certificates. Nor did she explain why her aunt and uncle would not give her copies. Her only explanation for failing to produce the newspaper accounts was that she did not keep them. She did not describe any attempt to obtain copies.

In sum, the IJ did not err in concluding that Salgado-Medrano failed to meet her burden of proof for asylum and withholding of removal. The IJ pointed to specific missing evidence, gave Salgado-Medrano an opportunity to explain the omission, and then assessed her explanation, and the record does not compel a conclusion that the evidence was unavailable. *See* 8 U.S.C. § 1252(b)(4); *Pinel-Gomez*, 52 F.4th at 529. Because Salgado-Medrano's failure to satisfy her burden of proof is dispositive, we do not reach the agency's alternative conclusion that she failed to identify a cognizable particular social group. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

6

For the foregoing reasons, the petition for review is DENIED.  All pending

motions and applications are DENIED and stays VACATED.

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe,
                                    Clerk of Court